IN THE UNITED STATES DISTRICT COURT FOR MARYLAND

| | |
|---|---|
| **ADEBAYO ADEBUSOYE** | * |
| Plaintiff | * |
| v. | **CASE NUMBER**: |
| | * 18-cv-00153-PWG |
| **PRINCE GOERGE'S COUNTY, MARYLAND** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RULE 26(a)(1)(A)(iii) INITIAL DISCLSOURES

Plaintiff Adebayo Adebusoye ("Plaintiff") by and through, his attorneys, Breon L. Johnson and the Law Office of Breon L. Johnson, LLC, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), the Scheduling Order in the the above captioned matter (ECF No. 25), and the Discovery Order in this matter (ECF No. 26) makes the following disclosures regarding Plaintiff's claims for damages and relief:

1. Plaintiff discloses that he is entitled to damages for back pay from the date of his discriminatory termination on February 17, 2012 pursuant to 42 U.S.C.A § 2000e-5. Plaintiff asserts that the calculation of the total sum should be arrived upon by starting with the base annual compensation received by the Plaintiff on the date of his termination. Plaintiff's claim for back pay should include an adjustment for each pay raise or salary restructuring raise provided to each of the officers in the Plaintiff's pay grade, job classification, and rank at th time of his termination. The calculation of the total back pay award to the Plaintiff will be the aggregate of the Plaintiff's base annual compensation and

**Plaintiff's Initial Disclosures** *Adebusoye v. Prince George's County*
Page 1 of 4 *United States District Court for Maryland*
*Case No. 18-00153 PWG*

the computed increases. Upon information and belief, information in the custody and control of the Defendant and to be provided in initial discovery disclosures will produce finite figures for this area of damages.

2. Plaintiff also seeks damages for the salary losses resulting from loss potential promotions. Plaintiff bases his loss potential promotions upon the "Agreement made by and Between Prince George's County, Maryland and Prince George's Correctional Officers' Association, Inc. from July 1, 2018 through June 30, 2020." Plaintiff contends that he would have received each and every merit increase and promotion as he became eligible based upon the criteria in the above referenced documents and each preceding agreement. Additional discovery may provide additional support for loss potential opportunities and promotions not currently known to the Plaintiff.

3. Plaintiff seeks damages for lost fringe benefits including health insurance, pension and retirement benefits, unused vacation days, life insurance, and sick pay. Information obtained in discovery will determine the value of each of these areas of fringe benefits. Plaintiff then seeks a judgment in the amoutn of the lost value for each year of the lost fringe benefits.

4. Plaintiff seeks prejudgment interest calculated for each element of the aforementioned damages based upon the legal rate of interest payable from the date that each element of the aforementioned damages were due and owing to the Plaitniff during his period of discriminatory termination.

5. Plaintiff does seek reinstatement to his position. Recognizing the difficulties with returning to his previous position, Plaintiff requests front pay in the alternative. The period of front pay should be calculated using the Plaintiff's expected period of employment with the

**Plaintiff's Initial Disclosures**     *Adebusoye v. Prince George's County*
Page 2 of 4     *United States District Court for Maryland*
    *Case No. 18-00153 PWG*

Defendant. Plaintiff reputation, creditability, and ability to be employed in the criminal justice system is likely in a state of disrepair. As such, Plaintiff should be awarded a period of years for front pay based upon the base salary calculations performed for the back pay period and adjusted for anticipated increased due to promotion or salary increases.

6. In addition to damages awardable under 42 U.S.C.A § 2000e-5, Plaintiff seeks damages awardable under 42 U.S.C. § 1981(a) due to the intentional unlawful conduct as alleged in the Amended Complaint. Plaintiff asserts that he has incurred past out of pocket expenses and will incur future expenses in the future as a result of his discriminatory termination. Plaintiff will likely need to be retrained for another profession as he will be unlikely to reenter the field of corrections. Plaintiff will provide any and all documentation of his out of pocket expenses during the course of discovery.

7. Plaintiff also asserts nonpecuniary loss under 42 U.S.C. § 1981(a) as a result of the discriminatory termination. Plaintiff claims intangible inuries of emotional harm such as emotional pain, suffering, inconvenience, mental angusih, and loss of enjoyment of life. Additionally, Plaintiff claims injury to professional standing, injury to character an dreputation, injury to credit standing, and loss of health. Plaintiff asserts the value of the damages compensable under 42 U.S.C. § 1981(a), including the emotional harm for the past seven years, to be $300,000.00, the statutory cap for damages under 42 U.S.C. § 1981. Plaintiff asserts that said statutory cap does not effect the aforementioned calculations under 42 U.S.C.A § 2000e-5

          Respectfully submitted,

          /s/Breon Lamar Johnson
          Breon Lamar Johnson (Bar No. 18953)
          P.O. Box 72158

**Plaintiff's Initial Disclosures**      *Adebusoye v. Prince George's County*
Page 3 of 4      *United States District Court for Maryland*
     *Case No. 18-00153 PWG*

        Rosedale, Maryland 21237
main@bljohnsonlegal.com
443-710-7474/telephone
443-836-0793/facsimile
Counsel to Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2019, each party to this case was served electronically with the Plaintiff's Initial Disclsoures *via* the Court's ECF system.

      /s/Breon Lamar Johnson
Breon Lamar Johnson (Bar No. 18953)
P.O. Box 72158
Rosedale, Maryland 21237
main@bljohnsonlegal.com
443-710-7474/telephone
443-836-0793/facsimile

**Plaintiff's Initial Disclosures**  *Adebusoye v. Prince George's County*
**Page 4 of 4**  *United States District Court for Maryland*
*Case No. 18-00153 PWG*