

**THE PRINCE GEORGE'S COUNTY GOVERNMENT**
OFFICE OF LAW

**Angela D. Alsobrooks**
**County Executive**

February 24, 2020

**VIA ECF**
Hon. Paul W. Grimm
U.S. District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re: <u>Adebayo Adebusoye v. Prince George's County Department of Corrections, et al., Civil Action No. PWG-18-0153</u>

Dear Judge Grimm:

Pursuant to the Court's Letter Order dated November 26, 2019, (ECF No. 48), I am writing to request a pre-motion conference so that I may file a motion for summary judgment in the above-referenced case. The Complaint was filed in this Court on January 17, 2018. (See ECF No. 1). Plaintiff filed his Amended Complaint on April 11, 2018. (ECF No. 15). In his Count I of his Amended Complaint, Plaintiff initially alleged a claim for disparate treatment based on national origin. *Id.* at 25–35. Plaintiff additionally alleged a claim for retaliation in Count II of his Amended Complaint. *Id.* at 36–45. Plaintiff alleged that he was wrongfully disciplined and terminated for using excessive force against a detainee and his punishment was more severe than that of his comparators who were not members of a protected class. *Id.* at ¶ 30.

The County Filed its Motion to Dismiss on May 4, 2018. (ECF No. 16). In its Memorandum Opinion and Order issued on March 12, 2019 (ECF No. 21 at 18), the Court dismissed Plaintiff's retaliation claim set forth in Count II of his Amended Complaint. (ECF No. 15). The Court denied the County's Motion to Dismiss on that portion of Plaintiff's discrimination claim dealing with disparate treatment upon ruling that his termination was lawful. (ECF No. 21 at 18). The County is requesting permission to file a motion for summary judgment addressing Plaintiff's disparate treatment claim set forth in Count I of his Amended Complaint. (ECF No. 15) because Plaintiff cannot prove a *prima facie* case of discrimination based on national origin. In addition, the County has articulated legitimate non-discriminatory reasons for Plaintiff's discipline and termination and Plaintiff has failed to prove pretext.

To establish a *prima facie* case of discrimination in the enforcement of employee disciplinary measures under Title VII, Plaintiff] must show that: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he

was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002) (footnote omitted) (citing *Hughes v. Bedsole*, 48 F.3d 1376, 1384 (4th Cir. 1995); *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993))

Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant, who must come forward with a legitimate, nondiscriminatory explanation for the disparate disciplinary action. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). If such a reason is proffered, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the apparently valid reason was a pretext for illegal discrimination. *Id.* at 143.

Here, Plaintiff has not established the second or fourth prongs of a *prima facie* case of discriminatory discipline. First, Plaintiff cannot demonstrate that he was satisfactory performing his job duties because he brutally assaulted an inmate. Second, Plaintiff cannot prove that his misconduct was comparable in seriousness to the misconduct of employees outside of the protected class, nor can he prove that his discipline was more severe. Specifically, the Plaintiff's conduct involving his violent attack and assault on an inmate which is depicted on a video tape pales in comparison to that of his comparators. The degree of force used by the Plaintiff was excessive and unwarranted. In addition, Plaintiff refused to express any remorse when questioned about his actions.

In determining whether a plaintiff's misconduct is comparable in seriousness to that of employees outside the protected class, a court should consider "the gravity of the offenses on a relative scale," comparing "the harm caused or threatened to the victim or society, and the culpability of the offender." *Moore v. City of Charlotte*, 754 F.2d 1100, 1107 (4th Cir. 1985) (quoting *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)). Exact similarity between the compared offenses is not required. *Cook*, 988 F.2d 507 at 511. ("[T]he comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances."). Since Plaintiff cannot demonstrate that other comparators were treated more favorably than he was treated based on national origin, he cannot prove his *prima facie* case of discrimination.

Even if Plaintiff could prove a *prima facie* case of disparate discipline, the County can satisfy its burden to come forward with a legitimate, non-discriminatory reason for the Plaintiff's termination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) ("This burden is one of production, not persuasion; it 'can involve no credibility assessment.'") (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)). Here, Plaintiff has not elicited any evidence indicating that the County was motivated by any type of discriminatory animus. The burden of persuading the fact finder that the County was motivated by discriminatory animus "remains at all times with the

plaintiff." *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) and Plaintiff has failed to satisfy this burden.

Finally, Plaintiff has not produced sufficient evidence to meet his burden of proving that the County's asserted reason for terminating him was a pretext for discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) ("A plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."). The County noted the nature and severity of Plaintiff's conduct was so egregious that it warranted termination in this case. Plaintiff has not demonstrated that the County's reason was false.

Thus, I respectfully request that this Honorable Court grant permission to file its motion for summary judgment.

Very truly yours,

Tonia Belton-Gofreed #16176
Associate County Attorney

cc: Fatai Suleman
**Date Filed: February 24, 2020**

3